**Edward P. SPRINGER, et al., Plaintiffs,**

**v.**

**FAIRFAX COUNTY SCHOOL BOARD, Defendant.**

Civil Action No. 95–1789–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 5, 1997.

Quentin Russell Hatchl, Alexandria, VA, for plaintiffs.

Thomas J. Crawley, Hunton & Williams, McLean, VA, for defendant.

*MEMORANDUM OPINION*

HILTON, District Judge.

This case is an appeal pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(e)(2). The plaintiffs are Edward P. Springer ("Edward"), now a 19–year–old college student, and Mr. and Mrs. Edward Springer (collectively, "the

Springers"), Edward's parents. The defendant is the Fairfax County School Board.

The Springers seek reimbursement for the cost of tuition at the New Dominion School in Dillwyn, Virginia for the 1994–1995 school year. Plaintiffs contend that they are entitled to the costs of the New Dominion placement, because Edward is a student with disabilities, entitled to a free appropriate public education under the IDEA. Plaintiffs allege that Edward qualifies for special education eligibility under the IDEA as "Seriously Emotionally Disturbed." *See* 34 C.F.R. § 300.7(B)(9)(I) (1994).

In September of 1994, the Springers enrolled Edward in New Dominion. Shortly thereafter, the Springers requested that the Fairfax County school system fund Edward's placement there. The school system informed the Springers that prior to any determination on his eligibility for placement at New Dominion, Edward would have to undergo certain tests. Prior to Edward's testing, in November 1994, plaintiffs requested a due process hearing to address the failure of the Fairfax County school system to provide an appropriate special education program for Edward. The school system requested a delay in conducting the due process hearing to allow it to conduct an assessment of Edward. In January of 1995, a Fairfax County school system special education eligibility committee determined that Edward did not meet the criteria for serious emotional disturbance.

A due process hearing was held on February 9, 1995. The Hearing Officer reversed the eligibility committee's decision and concluded that Edward was a child with a disability, specifically a serious emotional disturbance. The Hearing Officer also found that Edward had made progress at the New Dominion school, and therefore received educational benefit. The Hearing Officer ordered the school system to reimburse the Springers for the cost of Edward's placement at the New Dominion school.

The School Board appealed the Hearing Officer's decision to a state-level Review Officer. The state-level Review Officer reversed the Hearing Officer and found that the school system's eligibility committee properly found that Edward did not meet the criteria for a student with a serious emotional disturbance. Plaintiffs now ask the Court to reverse the state-level Review Officer's decision and rule that the eligibility committee should have found that Edward met the criteria for a serious emotional disturbance.

■ In *Hendrick Hudson Dist. Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982), the Supreme Court established that, in reviewing administrative decisions in IDEA cases, the district court must make an independent decision based on a preponderance of the evidence, while giving due weight to the state administrative proceedings. In *Doyle v. Arlington County School Bd.*, 953 F.2d 100 (4th Cir.1992), the Fourth Circuit elaborated on the "due weight" requirement. *Doyle* requires that due weight must be accorded to the findings of fact of the hearing officer, which are entitled to *prima facie* correctness, while the district court, if it does not follow those findings, must explain why not. *Doyle*, 953 F.2d at 105. The Court should consider the way in which the state administrative authorities have arrived at their administrative decision and the methods employed. *Id.* As the parties seeking to overturn a decision by a state hearing officer, the plaintiffs properly bear the burden of proof in showing that the officer's decision was erroneous. *Barnett v. Fairfax County School Board*, 927 F.2d 146, 152 (4th Cir.1991) (citing *Spielberg, v. Henrico County Public Schools*, 853 F.2d 256, 258 n. 2 (4th Cir.1988)). Accordingly, the plaintiffs must demonstrate that the state-level Review Officer erred in finding that special education eligibility committee properly found that Edward was not seriously emotionally disturbed.

The evidence presented at the due process hearing demonstrated that Edward has experienced academic, behavioral and legal problems for some time. He received poor grades, failed to complete assignments, failed to abide by school rules, and had a high rate of absenteeism. During his eleventh grade year at McLean High School he was disciplined for driving recklessly on school property, cutting classes, forgery, leaving school grounds without permission, and fighting.

He was arrested in August of 1993 for possessing burglary tools and tampering with an automobile; he received one year on probation, 50 hours of community service and a suspended fine of $2,500. Towards the end of his junior year at McLean High School Edward and his friends stole a fellow student's car keys and then stole the car. Edward kept the car for a week long joy riding spree. Edward later pled guilty to a charge of receiving stolen property, for which he received a sentence of probation until his eighteenth birthday. Edward would also frequently sneak out of the Springer house and stay out all night with friends. Throughout his eleventh grade year at McLean High Edward was a user of marijuana and alcohol.

The record also demonstrates that Edwards academic performance was poor. Edward frequently failed to turn in homework assignments. He often would cut classes and go elsewhere with his friends. During his week long joyriding incident with the stolen car he failed to attend school and missed his final exams, resulting in a his failing three of his seven courses. However, in contrast to his poor academic record, the evidence shows that Edward consistently performed in the average to superior range of intellectual ability on standardized tests.

The record contains numerous psychological evaluations of Edward. In July of 1993, Dr. Stanley Kulewicz found that Edward exhibited no significant behavioral or emotional difficulties. In October of 1993, Dr. Randy Roberts conducted a psychological screening of Edward which did not indicate the presence of significant or major psychiatric disturbances. Dr. Roberts depression testing determined that Edward was in the normal range for his age. Dr. Wendy Rudolph conducted psychological testing of Edward in January 1995, finding Edward to be socially maladjusted with a conduct disorder. She did not find Edward to be seriously emotionally disturbed. At the due process hearing, the plaintiffs introduced a letter dated June 27, 1994 from Dr. Novello, a psychiatrist treating Edward, to a Juvenile Court Judge in Fairfax County. In the letter, Dr. Novello states that Edward's clinical diagnosis was Conduct Disorder and Dysthymic Disorder.

Under the applicable state and federal special education regulations, a serious emotional disturbance is defined as follows:

1. The term means a condition exhibiting one or more of the following characteristics over a long period of time and to a marked degree, that adversely affects a child's education performance:

a. An inability to learn which cannot be explained by intellectual, sensory, or health factors;

b. An inability to build or maintain satisfactory interpersonal relationships with peers and teachers;

c. Inappropriate types of behavior or feelings under normal circumstances;

d. A general pervasive mood of unhappiness or depression; or

e. A tendency to develop physical symptoms or fears associated with personal or school problems.

2. The term includes schizophrenia. The term does not apply to children who are socially maladjusted, unless it is determined that they have a serious emotional disturbance.

Regulations Governing Special Education Programs for Children with Disabilities in Virginia Part 1, "Definitions." at p. 9; *see also* 34 C.F.R. § 300.7(B)(9) (1994). Accordingly, in order to fit the criteria for a serious emotional disturbance a student must exhibit one of the five enumerated symptoms.

■ The evidence in the record does not support a finding that Edward was seriously emotionally disturbed. The sole clinical evidence supporting plaintiffs' position that Edward is seriously emotionally disturbed is Dr. Novello's diagnosis contained within his letter to the Juvenile Court Judge. The Court agrees with the state-level Review Officer that it is important to note that the purport of the letter, it having been written upon request of the parents, was to persuade a Juvenile Court Judge considering disposition of Edward for a car theft to commit him to a three week camp in Idaho instead of to a period of incarceration or other more stringent penalty. The report was sketchy, and contained an incomplete description and evaluation of Edward's makeup. It was insuffi-

cient to use as the Hearing Officer did, as the basis for a factual finding of disability. Even if, perchance, this conclusion is ontologically correct, the federal regulations still require the depression to be "pervasive", to continue over a long period of time, and to exist in a marked degree. This report is also at odds with three other evaluations that were done for the purpose of evaluating Edward's academic needs. The Hearing Officer's finding that Edward's use of alcohol and marijuana come under the serious emotional disturbance provisions of both the federal and state regulations is flawed. There is no evidence in the record that Edward suffered from alcoholism, or that his use of alcohol or drugs was a sign of an emotional disturbance. The plaintiffs offered the testimony of the Springers to support their claim that Edward was seriously emotionally disturbed. Their testimony however, fails to qualify as expert testimony, and when considered with the other evidence of record, does not meet the burden of proof.

Edward and his teachers agreed that his academic success or failure depended on his own motivation. Achievement tests showed Edward to have made academic progress, despite his many counterproductive activities. The evidence did not demonstrate that Edward had a problem with interpersonal relationships. In fact, the record is replete with evidence that Edward got along well with his teachers and friends. Edward's parents acknowledge that Edward had many friends, and his teachers maintained that Edward got along fine with them when he came to class.

Based upon the foregoing, the Court finds that the preponderance of the evidence supports the decision of the state-level Review Officer that Edward Springer is not disabled, and that therefore his parents are not entitled to tuition reimbursement for his placement in the New Dominion school.

An appropriate order shall issue.

### ORDER

This matter came before the Court on appeal pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(e)(2). For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that judgment is for the Defendant, and this case is dismissed.